

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom F. Coleman
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. O-4301
Re: It is not the duty of the County
Attorney to examine abstracts of
title on land for county airport.
The Commissioners' Court may con-
tract with the County Attorney
for this service and pay him
therefor as per contract.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Angelina County is undertaking to construct
an airport. In connection therewith it is neces-
sary to purchase four hundred acres of land. The
county is procuring abstracts to this land and it
will be necessary to have these abstracts examin-
ed by an attorney.

"Is it the duty of the County Attorney to
examine these abstracts? Should he be paid addi-
tional compensation for these services?"

Counties have the authority to construct airports
and acquire such lands as may be necessary for such purposes.
See Articles 1269h, 1, Vernon's Annotated Texas Civil Stat-
utes, and amendments, House Bill 216 and Senate Bill 398,
47th Legislature of Texas. None of these articles or amend-
ments provides that it is the duty of the County Attorney to
examine the abstract of title on lands acquired by the county
for airport purposes. We are unable to find any statute mak-
ing it the duty of the County Attorney to examine such ab-
stracts.

Honorable Tom F. Coleman, Page 2

Article V, Section 21 of our State Constitution, declares:

". . . . The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature. . . ."

The above quoted provision of the Constitution has been construed as not prescribing the duties of the District Attorney nor any duties for County Attorneys other than such as are required to be performed for the State. Nor does it give the County Attorney authority to institute a proceeding unless he is given that power by statute. The term "duties" as used in the constitutional provision above set forth has been declared to comprehend the further idea of power or authority; and hence the County Attorney is said to have no authority to perform any act in respect to which no duty has been made to devolve upon him. Spencer v. Galveston County, 56 Tex. 384; Wexler v. State, 241 S. W. 231; Duncan v. State, 67 S. W. 903.

We quote from an opinion rendered by Honorable Scott Gaines, First Assistant Attorney General of Texas, January 2, 1935:

"Unless the statute provides for the county attorney to represent the county in a civil action, it is not the duty of the county attorney to do so. In cases where the county attorney is required to represent the county and no fee is prescribed, then the compensation of the county attorney is the ex officio compensation that will be allowed under Article 3895, except in cases where a certain amount of money is recovered, then his compensation is that authorized by Article 335.

"In cases where the law does not require the county attorney to represent the county, the compensation is that which is agreed upon between the county attorney and the commissioners' court just in the same manner as if some other attorney had been employed by the county."

491

Honorable Tom F. Coleman, Page 3

This department held in an opinion written by Honorable Julius Franki, Assistant Attorney General, dated September 11, 1934, that the Commissioners' Court had the implied authority as general manager of county business, to retain private counsel in the prosecution of civil suits involving county matters generally and that there were no statutory provisions making it the duty of the County Attorney to represent the county in condemnation proceedings or trespass to try title and injunction suits, and that the Commissioners' Court had authority to appropriate money out of the general fund of the county to pay the attorneys hired to represent the county in such proceedings.

Opinion No. O-1040 of this department holds that it is not the duty of the County Attorney to represent the county in condemnation proceedings and that the Commissioners' Court has the authority to contract with the County Attorney to represent the county in such proceedings and compensate him as per contract.

In the cases of Jones v. Veltmann, 171 S. W. 287, and Lattimore v. Tarrant County, 124 S. W. 205, it was held that the Commissioners' Court may lawfully employ the County Attorney to represent the interest of their county in any cause where such duty is not enjoined upon him by law.

You are therefore respectfully advised that it is the opinion of this department that it is not the duty of the County Attorney to examine the abstracts of title to the county airport. The Commissioners' Court would have authority to contract with him as any other private attorney to examine such abstracts and pay him for such services as per contract.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED JAN 10

JF:CO

APPROVED OPINION COMMITTEE BY CHAIRMAN